IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00596-KDB-SCR

| | |
|---|---|
| **TURQUOIS STONE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| **TRUIST BANK,** | ) |
| | ) |
| **Defendant.** | ) |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss" (Doc. No. 9) filed January 25, 2024; and Plaintiff's "Amended Complaint" (Doc. No. 12) filed February 14, 2024.

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(1) grants a party the right to "amend its pleading once as a matter of course," if done within 21 days after serving the pleading, Fed. R. Civ. P. 15(a)(1)(A), or "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The Rule further provides that leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Plaintiffs filed her Amended Complaint within the extended time for responding to the Motion to Dismiss. See Text-Only Order dated February 7, 2024. An extension of time to respond to a motion to dismiss extends the time to amend as a matter of course. Burgin v. Gov't Emps.

Ins. Co., No. 3:22-CV-00548-RJC-DSC, 2023 WL 349261, at *1 (W.D.N.C. Jan. 20, 2023) (citing Superior Performers Inc. v. Phelps, No. 1:15-CV-134, 2015 WL 13650060, *1 (M.D.N.C. May 15, 2015)); Hurd v. NDL, Inc., No. CCB–11–1944, 2012 WL 642425, at *1 (D. Md. Feb. 27, 2012) ("[Plaintiff] filed her amended complaint 31 days after the defendants filed their motion to dismiss under Rule 12(b)(6). However, because [the plaintiff] requested and was granted an extension of time to file her response, the court will consider the amended complaint timely and therefore permitted as a matter of course"); Lab'y Corp. of Am. v. ASL-DEN, LLC, No. 5:22-CV-437-BO-RN, 2023 WL 5515732, at *1 (E.D.N.C. Aug. 25, 2023) ("In this circuit, courts typically construe extensions of time to 'respond' to a Rule 12(b) motion to encompass an extension of time to amend under Rule 15(a)") (citing Gebhart v. Cigna Health & Life Ins. Co., No. 3:22-CV-00582-GCM-DSC, 2023 WL 1481542, at *1 (W.D.N.C. Feb. 2, 2023)). Accordingly, the First Amended Complaint was filed as a matter of course.

It is well-settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., No. 3:10-CV-418-RJC-DSC, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011); Young v. City of Mount Ranier, 238 F.3d 567, 572-73 (4th Cir. 2001).

The Court makes no determination as to the merits of any of Plaintiff's claims and all objections and defenses raised by Defendant in its initial Motion are preserved.

**IT IS THEREFORE ORDERED** that:

1. Defendant's "Motion to Dismiss" (Doc. No. 9) is administratively **DENIED** as moot without prejudice.

2. The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Kenneth Bell.

**SO ORDERED**.

Signed: February 20, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge