IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00596-KDB-SCR

| | |
|---|---|
| TURQUOIS STONE, | |
| Plaintiff, | |
| v. | **ORDER** |
| TRUIST BANK, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 14) and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 20), recommending that the Motion be granted in part and denied in part. Plaintiff filed an objection to a portion of the M&R, which Defendant opposes. (*See* Doc. Nos. 21, 22).

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised).

## II. STANDARD OF REVIEW

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of dispositive pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate

1

judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" and need not give any explanation for adopting the M&R. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Also, the Court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

Plaintiff is a former employee of the Defendant who contends that she was the victim of sexual harassment when nude and pornographic images posted by another employee frequently appeared on the Webex platform that her team – on which she was the lone female – used to work remotely. In her Amended Complaint she specifically asserts two claims – one under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.*, alleging a hostile work environment, based upon sex, and the other alleging negligent supervision and retention under North Carolina common law. The M&R recommends that the Court deny the motion to dismiss Plaintiff's Title VII claim and grant the motion as to Plaintiff's state law claims. Neither party objects to these recommendations.

Having carefully reviewed the Magistrate Judge's M&R, the relevant portions of the record and applicable legal authority, this Court is satisfied that there is no clear error as to the portions of the M&R to which no objection was made. *Diamond,* 416 F.3d at 315. Accordingly, this Court finds that on those issues it should adopt the findings and recommendations set forth in the M&R as its own solely for the purpose of deciding this motion, and that Defendant's Motion to Dismiss should be granted in part and denied in part as recommended by the Magistrate Judge.

Although not objecting to any of the Magistrate Judge's recommendations, Plaintiff objects to a footnote in the M&R which observes that portions of the Parties' briefs were devoted to a hostile work environment claim based on race (as opposed to sex) but declines to address the arguments on the merits because Plaintiff has failed to specifically plead a claim based on race discrimination. The Court finds no error in the decision of the Magistrate Judge not to address a claim of race discrimination which has not been clearly pled. While Plaintiff refers to 42 U.S.C. § 1981(a) once in the introduction of the Amended Complaint, the remainder of the pleading explicitly alleges claims related to an alleged "hostile work environment, based on sex" and does not include allegations focused on intentional racial discrimination, even though Plaintiff includes her race to explain why she found certain interracial sexual images on the Webex platform particularly offensive. Similarly, Plaintiff's EEOC charge indicates "I believe that I have been discriminated against on the basis of my sex, in violation of Title VII of the Civil Rights Act of 1964." (Doc No. 14-1). In sum, there is no basis for the Court to rule one way or the other on a potential claim for race discrimination based on the record now before the Court.

3

Case 3:23-cv-00596-KDB-SCR   Document 23   Filed 09/24/24   Page 3 of 4

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 20), is **ADOPTED and AFFIRMED**; and

2. Defendant's Motion to Dismiss, (Doc. No. 14), is **GRANTED in part and DENIED in part** as described in the M&R; and

3. This case shall proceed forward towards a resolution on the merits in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 24, 2024

Kenneth D. Bell
United States District Judge